# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMMIE D. HUDSON, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:07-CV-35 CDL |
| BILLY BROWN, Warden, | * | 28 U.S.C. § 2254 |
| | | Habeas Corpus Petition |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-11). Petitioner has filed his Response (R-15,16) to Respondent's Motion to Dismiss.

On November 20, 2003, Petitioner pled guilty to voluntary manslaughter, possession of a firearm during the commission of a crime, concealing the death of another person, and possession of a firearm by a convicted felon. (R-12, Ex. 4, p. 59). On December 3, 2003, Petitioner filed an application for sentence review with the Superior Courts Sentence Review Panel wherein the Panel upheld his sentence on February 18, 2005. (R-12, Ex. 4, p. 66). While awaiting the Panel's decision, Petitioner filed a motion to vacate his sentence on January 6, 2005, which was thereafter denied on March 8, 2005. *Id.* at 72, 84,85.

On April 4, 2006, Petitioner filed a state habeas petition in the Superior Court of Dodge County. (R-12, Ex. 1). After an evidentiary hearing was conducted, the petition was denied on July 31, 2006. (R-12, Ex. 2). Petitioner then filed application for a certificate of

probable cause to appeal, pursuant to O.C.G.A. § 9-14-52, in the Georgia Supreme Court, which was denied on February 5, 2007. (R-12, Ex. 3). Petitioner thereafter filed his present § 2254 petition on February 28, 2007.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions in the federal courts. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Pursuant to O.C.G.A. § 5-6-38, the Petitioner had thirty days from the date of his conviction, in which to file a notice of appeal. Petitioner Hudson pled guilty and was sentenced on November 20, 2003, and thus, had until December 22, 2003[1], to file a notice of appeal. Having failed to file a direct appeal, the AEDPA one-year period of limitation, within which Petitioner Hudson could have filed a federal application for *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, began to run on December 23, 2003, and expired on December 22, 2004. Petitioner's application for sentence review with the Superior Courts Sentence Review Panel has no effect on the limitations period as it was not an attack on his

---

[1]Petitioner was given to the following Monday to file his appeal where the thirtieth day fell on a Saturday.

3

conviction, but merely the sentence he received.

As the Respondent contends, even assuming *arguendo*, that the motion to vacate sentence filed by Petitioner would somehow toll his one-year limitations period, there was no limitations period to be tolled where Petitioner filed the motion to vacate on January 6, 2005, more than one year after his convictions became final.

Petitioner's State habeas petition filed on April 4, 2006, therefore, was filed more than sixteen months after the expiration of his AEDPA one-year limitation period. The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's State Habeas action was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002).

As such, Petitioner's State habeas corpus action filed in the Superior Court of Dodge County on April 4, 2006, did not toll the already expired AEDPA statute of limitations. Therefore, when Petitioner filed his current application on March 6, 2007, it failed to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES

DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 9th day of July, 2007.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

eSw